COOLEY LLP
MICHELLE C. DOOLIN (179445)
(doolinmc@cooley.com)
DARCIE A. TILLY (239715)
(dtilly@cooley.com)
CRAIG E. TENBROECK (287848)
(ctenbroeck@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:     (858) 550-6000
Facsimile:     (858) 550-6420

Attorneys for Defendants
CHARMING CHARLIE INC.[1] and CHARMING
CHARLIE LLC

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| HEIDI ANDERSON-BUTLER and PAULA HAUG on behalf of themselves and all others similarly situated, | Case No. |
| Plaintiffs, | **NOTICE OF REMOVAL OF ACTION** |
| v. | **(28 U.S.C. §§ 1332, 1441 & 1453)** |
| CHARMING CHARLIE INC., a Delaware Corporation; CHARMING CHARLIE LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive, | |
| Defendants. | |

---

[1] "Charming Charlie LLC succeeded Defendant Charming Charlie Inc."  (Compl. ¶ 3.)

NOT. OF REMOVAL OF ACTION

**TO PLAINTIFFS, THEIR ATTORNEYS, AND THE ABOVE-CAPTIONED COURT:**

PLEASE TAKE NOTICE that defendant Charming Charlie LLC, which was converted from Charming Charlie Inc. ("Charming Charlie"), removes the above-captioned action from the Superior Court of the State of California for the County of Sacramento, where the action is now pending, to the United States District Court for the Eastern District of California, Sacramento Division.  This civil action is removed on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1453.  For the reasons set forth below, this Court has subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332 and 1453.[2]

### PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1. On or about July 9, 2014 plaintiffs Heidi Anderson-Butler and Paula Haug commenced a civil action in the Superior Court of the State of California for the County of Sacramento, entitled *Heidi Anderson-Butler et al. v. Charming Charlie, Inc. et al.*, Case No. 34-2014-00166068-CU-BT-GDS, by filing a complaint.  Plaintiffs named as defendants Charming Charlie Inc. and Charming Charlie LLC.

2. The complaint, which is styled as a class action, alleges one cause of action for an alleged violation of California Civil Code § 1747.08.  (Compl. ¶¶ 40-45.)  Plaintiffs' complaint arises from two purported credit card purchase transactions, one at a retail store in Chino Hills, California, and another at a retail store in Folsom, California.  (*Id.* ¶¶ 13, 23.)

3. A true and correct copy of the complaint is attached as Exhibit A.  True and correct copies of the summonses are attached as Exhibit B.  True and correct copies of the proofs of service obtained off of the website for the Superior Court of the State of California for the County of Sacramento are attached as Exhibit C.

4. Charming Charlie is aware that on July 28, 2014, the court set a case management conference for April 3, 2015.  A true and correct copy of the Register of Actions obtained off of

---

[2] *See supra* note 1.  Further, CAFA permits any defendant to remove a case without the consent of all defendants.  28 U.S.C. § 1453.

1  the website for the Superior Court of the State of California for the County of Sacramento is

2  attached as Exhibit D.

3       5.     Charming Charlie is also aware that on July 28, 2014, the case was assigned to

4  Department 35 for complex case management determination.  A true and correct copy of that

5  order is attached as Exhibit E.

6       6.     Charming Charlie is not aware of any other process or pleading in that action.

7       7.     This Notice of Removal is timely because it is filed within thirty days of when

8  Plaintiffs served Charming Charlie LLC with the initial complaint and summons.  *See* 28 U.S.C.

9  § 1446(b).

10       8.     Charming Charlie will give Plaintiffs written notice as required under 28 U.S.C.

11  § 1446(d) by serving Plaintiffs, through their counsel of record, with this Notice of Removal and

12  all documents filed in support thereof and concurrently herewith on the date of filing of this

13  Notice of Removal.

14  **SUBJECT MATTER JURISDICTION**

15       9.     Under CAFA, a district court shall have original jurisdiction over any civil action

16  styled as a class action in which: (1) the number of members of the proposed plaintiff class is not

17  less than one hundred, in the aggregate; (2) "the matter in controversy exceeds the sum or value

18  of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of plaintiffs is a

19  citizen of a State different from any defendant."  28 U.S.C. §§ 1332(d)(2) & (d)(5).  If a state

20  court putative class action meets all three requirements, it may be removed to federal court.  28

21  U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the

22  United States have original jurisdiction, may be removed by the defendant[.]").  This action meets

23  each of CAFA's requirements.

24  **THE PROPOSED CLASS DOES NOT HAVE LESS THAN 100 MEMBERS**

25       10.     Plaintiffs allege that Charming Charlie violated California Civil Code § 1747.08

26  by maintaining policies and practices whereby store associates allegedly requested and recorded

27  personal identification information from each person that used a credit card to purchase items

28  from Charming Charlie's retail stores in California.  (Compl. ¶¶ 42-44.)

11.     Plaintiffs' claim for alleged violations of California Civil Code § 1747.08 carries a one-year statute of limitations under California Code of Civil Procedure § 340.  *TJX Cos.*, *v. Superior Court*, 163 Cal. App. 4th 80, 84-87 (2008).

12.     Plaintiffs seek to certify a class defined as: "[A]ll persons in California from whom Defendants requested and recorded personal identification information as part of a credit card purchase transaction."  (Compl. ¶ 33.)

13.     Plaintiffs contend Charming Charlie violated California Civil Code § 1747.08 by maintaining policies and practices whereby store associates allegedly requested and recorded personal identification information from *each and every* person that used a credit card to purchase items from its retail stores in California.  (*Id.* ¶ 44 ("It is and was Defendants' routine business practice to intentionally engage in the conduct described in this cause of action with respect to every person who, while using a credit card, purchases any product from any of Defendants' stores in the State of California.").)

14.     Plaintiffs allege that the members of the class "are so numerous that joinder of all members is impracticable."  (*Id.* ¶ 34.)

15.     Without conceding liability, appropriateness of class treatment, appropriateness of Plaintiffs' class definition, or the validity of Plaintiffs' claim for relief, in the year preceding the filing of the complaint there were far in excess of 5,001 credit card purchase transactions at Charming Charlie stores in California, which reasonably implies at least 100 separate credit card users.  (Golovko Decl. ¶ 7); *see also Morey v. Louis Vuitton N.A., Inc.*, 461 Fed. App'x 642, 643 (9th Cir. 2011) ("Louis Vuitton processed 'substantially in excess of 5,000 credit card transactions' during the class period, a number that reasonably implies at least 100 separate credit card users.").

16.     Accordingly, CAFA's first requirement is satisfied.  *See* 28 U.S.C. § 1332(d)(5)(B);

### THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION

17.     Plaintiffs' complaint does not plead a specific amount of damages.  As such, removal is proper if Charming Charlie establishes by a preponderance of evidence that Plaintiffs

1    demand in excess of $5 million in damages in the aggregate for themselves and the putative class.

2    *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006) ("Where the complaint

3    does not specify the amount of damages sought, the removing defendant must prove by a

4    preponderance of the evidence that the amount in controversy requirement has been met.").

5          18.    "In measuring the amount in controversy, a court must assume that the allegations

6    of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in

7    the complaint."  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).

8    "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what

9    a defendant will *actually* owe."  *Id.* (emphasis in original); *accord Deehan v. Amerigas Partners,*

10   *L.P.*, No. 08cv1009 BTM (JMA), 2008 WL 4104475, at *2 (S.D. Cal. Sept. 2, 2008).

11         19.    Charming Charlie's burden of proof on removal "is not daunting, as courts

12   recognize that . . . a removing defendant is *not* obligated to research, state, and prove the

13   plaintiff's claims for damages."  *Korn*, 536 F. Supp. 2d at 1204-05 (emphasis in original; internal

14   quotation marks removed).  Indeed, "[w]here a statutory maximum is specified, courts may

15   consider the maximum statutory penalty available in determining whether the jurisdictional

16   amount in controversy requirement is met."  *Id.* at 1205.

17         20.    Plaintiffs' claim for relief for alleged violations of California Civil Code § 1747.08

18   carries a maximum statutory penalty of $1,000 per violation.  Cal. Civ. Code § 1747.08(e).

19   Plaintiffs allege entitlement to civil penalties "of up to one thousand dollars ($1,000) per

20   violation," the statutory maximum, for themselves and each class member.  (Compl. ¶ 45; *see*

21   *also* Prayer for Relief ¶ 1.)

22         21.    In actions where a plaintiff alleges violations of California Civil Code § 1747.08,

23   numerous courts have held that where plaintiff pleads damages up to the statutory maximum

24   under California Civil Code § 1747.08, defendants may meet CAFA's amount in controversy

25   requirement by showing that there are at least 5,001 putative class claims.  *See Morey v. Louis*

26   *Vuitton N.A., Inc.*, 461 Fed. App'x at 643; *Korn*, 536 F. Supp. 2d at 1206; *Saulic v. Symantec*

27   *Corp.*, No. SA CV 07-610 AHS (PLAx), 2007 WL 5074883, at *8 (C.D. Cal. Dec. 26, 2007);

28

1    *Romeo v. The Home Depot*, No. 06CV1505 IEG (BLM), 2006 WL 6814428, at *2 (S.D. Cal. Oct.

2    30, 2006).

3           22.    As stated above, Plaintiffs contend Charming Charlie violated California Civil

4    Code § 1747.08 by maintaining policies and practices whereby store associates allegedly

5    requested and recorded personal identification information from *each and every* person that used

6    a credit card to purchase items from its retail stores in California.  (Compl. ¶ 44 ("It is and was

7    Defendants' routine business practice to intentionally engage in the conduct described in this

8    cause of action with respect to every person who, while using a credit card, purchases any product

9    from any of Defendants' stores in the State of California.").)

10          23.    Without conceding liability, appropriateness of class treatment, appropriateness of

11   Plaintiffs' class definition, or the validity of Plaintiffs' claim for relief, in the year preceding the

12   filing of the complaint, there were far in excess of 5,001 credit card purchase transactions at

13   Charming Charlie's retail stores in California.  (Golovko Decl. ¶ 7.)  Thus, the amount alleged by

14   Plaintiffs to be "in controversy" in this action exceeds CAFA's $5 million requirement.  *See*

15   *Morey*, 461 Fed. App'x at 643; *Korn*, 536 F. Supp. 2d at 1206; *Saulic,* 2007 WL 5074883, at *8;

16   *Romeo,* 2006 WL 6814428, at *2.

17          24.    Moreover, under CAFA, the potential cost of an attorneys' fee award should be

18   considered when calculating the amount in controversy.  *Lowdermilk v. U.S. Bank Nat'l Ass'n*,

19   479 F.3d 994, 1000 (9th Cir. 2007) ("We have held that attorneys' fees were properly included in

20   the amount in controversy in a class action."); *Yeroushalmi v. Blockbuster, Inc*., No. CV 05-225-

21   AHM (RCX), 2005 WL 2083008, at *3 n.4, *5 (C.D. Cal. July 11, 2005) (holding that under

22   CAFA, the amount put in controversy includes the potential fee award); *see also Tompkins v.*

23   *Basic Research LL*, No. CIV. S-08-244 LKK/DAD, 2008 WL 1808316, *4 (E.D. Cal. Apr. 22,

24   2008) (including 25% of the common fund for attorneys' fees when calculating amount in

25   controversy).

26          25.    Here, Plaintiffs contend they are entitled to attorneys' fees pursuant to "California

27   Code of Civil Procedure § 1021.5, and as authorized under the 'common fund' doctrine, and as

28   authorized by the 'substantial benefit' doctrine."  (Prayer for Relief ¶ 3.)

26.     Without conceding liability or the appropriateness of Plaintiffs' request for attorneys' fees, such fees are potentially significant because this is a putative statewide class action.  (*Id.* ¶¶ 33-39.)  Plaintiffs' request for attorneys' fees further takes the amount in controversy far beyond the statutory threshold.  *See* 28 U.S.C. § 1332(d)(2).

### THE PARTIES ARE CITIZENS OF DIFFERENT STATES

27.     CAFA requires only minimal diversity, meaning that "any member of a class of plaintiffs [must be] a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

28.     Under CAFA, an unincorporated association, such as a limited liability company, is "deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."  *Marroquin v. Wells Fargo, LLC*, 11-CV-163-L BLM, 2011 WL 476540, at *2 (S.D. Cal. Feb. 3, 2011) (citing 28 U.S.C. § 1332(d)(10)); *Roling v. E*Trade Sec., LLC*, 756 F. Supp. 2d 1179, 1184-85 (N.D. Cal. 2010); *see also Ferrell v. Express Check Advance of S.C., LLC*, 591 F.3d 698, 700 (4th Cir. 2010); *O'Shaughnessy v. Cypress Media LLC*, No. 4:13-cv-0947-DGK, 2014 WL 1791065, at *4 (W.D. Mo. May 6, 2014).  The term "principal place of business" refers to the place where an entity's officers direct, control, and coordinate activities.  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1032 n.16 (9th Cir. 2009) (Kleinfeld, J., concurring) ("We apply the same tests to determine the 'principal place of business' for corporations and unincorporated associations").

29.     Charming Charlie is a limited liability company organized under Delaware law with its principal place of business in Texas.  (Golovko Decl. ¶¶ 3-4.)  Charming Charlie's headquarters and executive offices are located at 5999 Savoy Drive, Houston, Texas 77036.  (*Id.* ¶ 4.)  Charming Charlie's executive officers and senior management team and most of its officers direct, control, and coordinate activities out of the Texas headquarters and executive offices.  (*Id.*)  Charming Charlie's policies and procedures are primarily set by its officers at the Texas offices, and most of its records are maintained at its Texas offices.  (*Id.*)  Accordingly, for purposes of diversity, Charming Charlie is a citizen of Delaware and Texas.

30.     The citizenship of unnamed "Doe" defendants sued under fictitious names is disregarded for purposes of removal.  28 U.S.C. § 1441(b).

31.     Plaintiffs allege they are California residents.   (Compl. ¶ 7.)   "For diversity purposes, a person is a citizen of a state in which he or she is domiciled."  *Marroquin*, 2011 WL 476540, at *1.   The "place of residence is *prima facie* the domicile."  *Id.* (citation omitted). Accordingly, Plaintiffs and nearly all purported putative class members are citizens of California and not citizens of Texas or Delaware.   Minimum diversity is satisfied under 28 U.S.C. § 1332(d)(2)(A).

## VENUE IS PROPER

32.     Removal to this judicial district and division is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because the state court action was originally pending in this judicial district— namely, the Superior Court of the State of California for the County of Sacramento.

## NOTICE TO THE SUPERIOR COURT OF SACRAMENTO COUNTY

33.     Contemporaneously with the filing of this Notice of Removal, Charming Charlie is filing a true and correct copy of this Notice of Removal and all documents filed in support thereof and concurrently therewith with the clerk of the Superior Court of the State of California for the County of Sacramento, under 28 U.S.C. § 1446(d).

Dated: August 15, 2014

> COOLEY LLP
> MICHELLE C. DOOLIN (179445)
> DARCIE A. TILLY (239715)
> CRAIG E. TENBROECK (287848)
>
>
> By: /s/ *Michelle C. Doolin*
> _____
>         Michelle C. Doolin (179445)
>
> Attorneys for Defendants
> CHARMING CHARLIE INC. and CHARMING
> CHARLIE LLC